IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

                                                    ORDER

     v.

                                                    11-cr-106-wmc-1

JOSEPH CROTTY,

                Defendant.

---

      The court held a hearing on the probation office's petition for judicial review of Joseph Crotty's supervised release on October 7, 2015. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. The defendant was present and represented by counsel Reed Cornia. Also present was Senior U.S. Probation Officer Kristin E. Kiel.

## FACTS

      From the record, I make the following findings of fact. The defendant was sentenced in the Western District of Wisconsin on March 2, 2012, following his conviction for interstate stalking in violation of 18 U.S.C § 22261A(2), a Class D felony. The defendant was committed to the custody of the Bureau of Prisons to serve a 30-month term of imprisonment, followed by a three-year term of supervised release. Supervised release commenced on November 8, 2013.

      The defendant violated the mandatory condition prohibiting him from possessing a firearm, destructive device, or any other dangerous weapon. During a home visit conducted by the probation officer on May 19, 2015, eight long-guns were observed in plain view in the bedroom used by the defendant. Numerous boxes containing various types of ammunition were also observed in the bedroom. The Janesville, Wisconsin, Police Department was called to seize the weapons and ammunition. The defendant was placed under arrest and charged with felon in possession of a firearm

in Rock County Circuit Court Case No. 15CF1005.  That case was dismissed on August 27, 2015.

The defendant violated Special Condition No. 4 requiring him to participate in mental health referral, assessment and treatment, and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer.  He was also required to take any medications prescribed by a licensed medical provider. During the home visit conducted on May 19, 2015, the defendant was found to be in an agitated state and it was determined that he had not been taking his prescribed medication for bipolar disorder as prescribed and recommended by medical professionals.

Based on the totality of circumstances in this case, I find that the defendant's conduct falls into the category of Grade C violations.  Under §7B1.3(a)(2), the Court can revoke, extended, or continue the term of supervised release.  The defendant's rehabilitative needs and the need to protect the public warrant continued supervision in this case.

ORDER

IT IS ORDERED that the period of supervised release imposed on the defendant on November 8, 2013, is CONTINUED with the following additional special condition:

> The defendant shall not reside in any home containing firearms, whether in the possession or control of defendant or anyone else.

The standard and special conditions of supervised release that were imposed at the time of sentencing on March 2, 2012, were reasonably related to the offense of conviction, or the personal history and characteristics of the defendant.  Pursuant to the Seventh Circuit Court of Appeals decisions in *United States v. Thompson*, 777 F. 3d 368 (7th Cir. 2015), I find consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a), that the following non-mandatory conditions of supervision which have been refined are reasonably related to the offense of conviction, recent noncompliance, and the personal history and characteristics of the defendant:

| | NON-MANDATORY CONDITIONS | JUSTIFICATION |
|---|---|---|
| 1) | Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer. | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) | Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(B)(C), (D), (E) and (b)(2); USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) | Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court. | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(C), (D) and (E); USSG §5D1.3(b)(1)(B), (C) and (D). |
| 4) | Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(D) and (b)(2); USSG §5D1.3(b)(1)(C). |
| 5) | Defendant shall not purchase, possess, use, distribute, or | Evidence based practice research |

| | | |
|---|---|---|
| | administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. | indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 6) | Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered. | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7) | Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity. | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(B), (C) and (D); USSG §5D1.3(b)(1)(B) and (C). |
| 8) | Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer. | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

| | | |
|---|---|---|
| 9) | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court. | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 11) | As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties. | To protect the public from further crimes perpetrated by defendant. 18 U.S.C. § 3553(a)(1), (b)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(3), (4), (5), (6), (13) and (16); in a case of crimes against property 18 U.S.C. § 3555; 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 12) | Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns. | Imposed based on defendant's limited employment history and the need to monitor his ability to support himself through legitimate means. |
| 13) | Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition. | Imposed based on the nature of the offense of conviction which is a controlled substance offense, the need to protect the public from further criminal activity perpetrated by defendant as suggested by his criminal history, and the need to ensure the safety of the supervising U.S. probation officer. |

| 14) | Not enter any establishment whose primary business is the sale of alcoholic beverages. | Imposed based on the nature of defendant's substance abuse history, and to hold him accountable to support his own efforts to obtain and maintain sobriety. |
|---|---|---|
| 15) | Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider. | Imposed based on defendant's history of mental health problems, the court-ordered competency evaluation in the case, and treatment records. Treatment is recommended to further the sentencing goal of rehabilitation. Defendant has continued to struggle with mental problems while on supervision. |
| 16) | Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process. | Imposed based on the nature of defendant's substance abuse history, the need to refer defendant for treatment services, and to hold him accountable to support his own efforts to obtain and maintain sobriety. |
| 17) | Have no contact with the victim or Hufcor employees in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. probation officer. Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment. | Imposed based on the nature of the instant offense of conviction. |

Entered this 7th day of October, 2015.

BY THE COURT:

_[signature]_

Honorable William M. Conley
U.S. District Judge